STATE OF CONNECTICUT *v.* KENNETH JAMISON
(AC 17453)

Lavery, Spear and Daly, Js.

Argued September 21—officially released December 28, 1999

*Vicki H. Hutchinson*, special public defender, for the appellant (defendant).

*Margaret Gaffney Radionovas*, assistant state's attorney, with whom, on the brief, were *Jonathan C. Benedict*, state's attorney, and *Richard L. Palombo, Jr.*, supervisory assistant state's attorney, for the appellee (state).

*Opinion*

SPEAR, J. The defendant, Kenneth Jamison, appeals from the judgment of the trial court, rendered after a jury trial, of assault in the second degree in violation of General Statutes § 53a-60 (a) (2).[1] He claims that the evidence was insufficient to convict him because (1) the jury returned inconsistent not guilty verdicts on two other gun related counts, (2) the victim was not believable and (3) the jury found him guilty solely because he previously had been convicted of manslaughter. We conclude that the claims are not reviewable and, therefore, affirm the judgment of the trial court.

The jury reasonably could have found the following facts. On September 21, 1995, Hashim Preston was in his

---

[1] General Statutes § 53a-60 (a) provides in relevant part: "A person is guilty of assault in the second degree when . . . (2) with intent to cause physical injury to another person, he causes such injury to such person . . . by means of a deadly weapon . . . ."

sister's apartment in Bridgeport. Shortly after midnight, Maria Caban knocked on the door of the apartment and was let in by Preston. While the door was open, the defendant forced his way into the apartment and engaged Preston in a hostile conversation about certain money matters. At some point, the defendant pulled out a long black stick that had tape and a cable wire around it, and struck Preston in the face with it five to seven times.

On October 12, 1995, several police officers executed a search and seizure warrant at 400 Wood Avenue. The defendant was present, but told the officers that he was a visitor to the premises. The officers seized a gun that belonged to the defendant, ammunition and an identification card that contained the defendant's picture and the name "Johnny Vincent."

On the basis of Preston's identification, the defendant was arrested and a trial followed. At the close of the state's case, the defendant moved for a judgment of acquittal[2] on the grounds that a state's witness gave conflicting versions of the incident, the police investigation was inadequate, and the search and seizure warrant was defective. He did not claim that the evidence was insufficient to support a guilty verdict. The trial court denied the motion, and the jury returned a verdict of not guilty on the counts of the information that alleged criminal possession of a firearm in violation of General Statutes § 53a-217 (a)[3] and carrying a pistol without a permit in violation of General Statutes § 29-35 (a).[4] The

---

[2] The defendant moved to dismiss the charges, but the trial court treated the motion as one for a judgment of acquittal. There is no indication in the record that the defendant put on evidence.

[3] General Statutes § 53a-217 (a) provides in relevant part: "A person is guilty of criminal possession of a firearm . . . when he possesses a firearm . . . and (1) has been convicted of a [crime enumerated herein] . . . ."

[4] General Statutes § 29-35 (a) provides in relevant part: "No person shall carry any pistol or revolver upon his person, except when such person is within his dwelling house or place of business, without a permit to carry the same issued as provided in section 29-28. . . ."

jury found the defendant guilty of assault in the second degree, and this appeal followed.

I

The defendant challenges the jury verdict claiming that it was based on insufficient evidence. He constructs the following argument: Preston gave the only evidence of the assault, testifying that the defendant struck him with a gun, and the evidence showed that the same gun was found three weeks later in an apartment occupied by the defendant. By finding the defendant not guilty of criminal possession of a firearm and carrying a pistol without a permit, the jury demonstrated that it did not believe Preston's testimony that he was struck with a gun. Although Preston testified that the defendant also struck him with the stick that was wrapped with tape and cable wire, it is "inconceivable" that the jury believed Preston's testimony. The defendant further asserts that "[t]he only conclusion which can be drawn from the verdicts is that the jury convicted [the defendant] based on his prior conviction of manslaughter. . . . Prior conviction of manslaughter is not sufficient to convict an individual of assault in the second degree."[5]

The defendant concedes that the insufficiency claim now made on appeal was not made in the trial court. He asserts, however, that a claim that the evidence was insufficient to convict is of constitutional dimension and, therefore, reviewable pursuant to *State* v. *Golding,*

[5] The count of the information that charged criminal possession of a firearm originally alleged that the defendant had been convicted previously of manslaughter. At the beginning of the trial, the clerk read that count to the jury. Thereafter, that count was amended to read that the defendant had been convicted previously of a crime and the trial court instructed the jury with respect to that count that the defendant and the state had stipulated that the defendant had been convicted of one of the crimes enumerated in § 53a-217 (a).

213 Conn. 233, 567 A.2d 823 (1989).[6] This contention is correct; see *State* v. *Roy*, 233 Conn. 211, 212–13, 658 A.2d 566 (1995); but it is also subject to another principle. Although a defendant may label a claim as constitutional in nature, such labeling does not make it so. *State* v. *Schiappa*, 248 Conn. 132, 164, 728 A.2d 466, cert. denied, 528 U.S. 862, 120 S. Ct. 152, 145 L. Ed. 2d 129 (1999); *State* v. *Taylor*, 239 Conn. 481, 502–503, 687 A.2d 489 (1996), cert. denied, 521 U.S. 1121, 117 S. Ct. 2515, 138 L. Ed. 2d 1017 (1997). Here, neither the individual components of the defendant's insufficiency claim nor their sum rises to the level of constitutional magnitude.

The cornerstone of the defendant's claim is his assertion that the two not guilty verdicts conclusively demonstrate that the jury did not believe Preston. This is nothing more than a claim that the verdicts are inconsistent. "[A] claim that factually inconsistent verdicts must be set aside is not one of constitutional dimension." *State* v. *Milner*, 46 Conn. App. 118, 125, 699 A.2d 1022 (1997).

II

The second component of the defendant's insufficiency claim is that it is "inconceivable" that the jury believed Preston's testimony that he was struck with the taped wire wrapped stick.[7] The defendant offers no

---

[6] *State* v. *Golding*, supra, 213 Conn. 239–40, held "that a defendant can prevail on a claim of constitutional error not preserved at trial only if *all* of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt." (Emphasis in original.)

[7] The defendant makes no claim that the stick, augmented with tape and cable wire, was not a deadly weapon as that term is defined in General Statutes § 53a-3 (6). Even if this claim were properly before us, the axiomatic proposition that the fact finder is the sole judge of witness credibility would compel its rejection.

authority in support of the claim that his disagreement with the jury's assessment of Preston's credibility rises to the level of constitutional magnitude. Our Supreme Court has "recognized . . . that claimed instructional errors regarding general principles of credibility of witnesses are not constitutional in nature. . . . Indeed, it would trivialize the constitution to transmute a nonconstitutional claim into a constitutional claim simply because of the label placed on it by a party or because of a strained connection between it and a fundamental constitutional right." (Internal quotation marks omitted.) *State* v. *Schiappa*, supra, 248 Conn. 165. If claimed instructional errors regarding witness credibility are not of constitutional dimension, we see no reason to accord constitutional status to the defendant's claim that the jury could not have believed parts of Preston's testimony.

### III

The defendant's final claim is that the jury must have found him guilty solely because of his prior manslaughter conviction. This assertion constitutes the entire briefing of the claim. We are not required to review a claim that amounts to nothing more than a completely speculative assertion unsupported by analysis or authority. See *Cummings* v. *Twin Tool Mfg. Co.*, 40 Conn. App. 36, 45, 668 A.2d 1346 (1996).

The judgment is affirmed.

In this opinion the other judges concurred.