## STATE OF CONNECTICUT *v.* GLENN BAILEY
### (AC 16924)

O'Connell, C. J., and Foti and Landau, Js.

Argued September 28, 1999—officially released February 29, 2000

*Megan McLoughlin*, special public defender, with whom was *Alexander H. Schwartz*, special public defender, for the appellant (defendant).

*Christopher T. Godialis*, assistant state's attorney, with whom, on the brief, were *James E. Thomas*, state's attorney, and *Dennis O'Connor*, senior assistant state's attorney, for the appellee (state).

*Opinion*

O'CONNELL, C. J. The defendant, Glenn Bailey, appeals from the judgment of conviction, rendered following a jury trial, of four counts of sexual assault in

the first degree in violation of General Statutes § 53a-70 and four counts of risk of injury to a child in violation of General Statutes (Rev. to 1995) § 53-21. The defendant claims that the trial court improperly (1) refused to give a missing witness instruction to the jury and (2) instructed the jury on the state's burden of proof. We affirm the judgment of the trial court.

The jury reasonably could have found the following facts. On approximately five occasions between December, 1994, and June, 1995, the defendant sexually assaulted the eight year old female victim. The assaults, involving oral, anal and vaginal penetration, took place while the victim visited him at an apartment located in Hartford. The victim reported the assaults to her mother, who instructed the victim not to disclose the assaults to anyone else. Thereafter, the victim's mother continued to take the victim to the defendant's apartment. The victim subsequently discussed the assaults with six individuals who testified at trial.

I

The defendant claims first that the trial court improperly failed to instruct the jury that it could draw a negative inference from the state's failure to call the victim's mother as a witness. We do not agree.

At the time of trial, the so-called *Secondino* rule was in effect.[1] *Secondino* v. *New Haven Gas Co.*, 147 Conn. 672, 674–75, 165 A.2d 598 (1960). Subsequent to the trial court's decision in the present case, our Supreme Court decided *State* v. *Malave*, 250 Conn. 722, 739, 737 A.2d

---

[1] In *Secondino* v. *New Haven Gas Co.*, 147 Conn. 672, 674–75, 165 A.2d 598 (1960), our Supreme Court held that the failure to produce a witness for trial who is available and whom a party would naturally be expected to call, warrants an adverse inference against that party. This is commonly referred to as the *Secondino* rule or missing witness rule. The jury charge explaining the rule is known as the *Secondino* instruction or missing witness instruction. We use these terms interchangeably in this opinion.

442 (1999), in which it abandoned the *Secondino* rule in criminal cases.[2] The *Malave* decision applies retroactively to this case. *State* v. *Quinones*, 56 Conn. App. 529, 533, 745 A.2d 191 (2000).

We do not reach the issue of whether the trial court's determination not to give the *Secondino* charge was correct because, in view of the *Malave* decision, the defendant was not entitled to the instruction under any circumstances. For this reason, we conclude that the trial court properly refused to give the *Secondino* instruction.

## II

In his second claim, the defendant argues that the trial court improperly instructed the jury on the concept of reasonable doubt. Specifically, he asserts that the court's use of the following language in its jury charge was improper because it diluted the state's burden of proof: "[A] reasonable doubt is a doubt founded upon reason or common sense." We do not agree.

The challenged instruction is similar to jury instructions that have previously been approved by our Supreme Court. See *State* v. *Small*, 242 Conn. 93, 114–15, 700 A.2d 617 (1997). This court cannot review or reverse Supreme Court precedent. *State* v. *Oliver*, 41 Conn. App. 139, 146, 674 A.2d 1359, cert. denied, 237 Conn. 920, 676 A.2d 1374 (1996). Although the defendant is aware that we cannot review this claim, he makes it nevertheless to preserve the record in the event of Supreme Court review. Accordingly, the defendant cannot prevail on this claim in this court.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[2] In 1998, the General Assembly abolished the *Secondino* charge in civil cases. General Statutes § 52-216c.