STATE OF CONNECTICUT *v.* KENYATTA WOODS
(AC 17664)

Landau, Mihalakos and Spallone, Js.

Argued November 1, 1999—officially released July 18, 2000

*Eugene P. Falco,* for the appellant (defendant).

*Ronald G. Weller,* assistant state's attorney, with whom, on the brief, were *Michael Dearington,* state's attorney, and *James Dinnan,* senior assistant state's attorney, for the appellee (state).

*Opinion*

SPALLONE, J. The defendant, Kenyatta Woods, appeals from the judgment of conviction, rendered following a jury trial, of assault in the first degree in violation of General Statutes §§ 53a-59 (a) (1) and 53a-8, carrying a pistol without a permit in violation of General Statutes § 29-35 and risk of injury to a child in violation of General Statutes § 53-21 (1). The defendant claims that the trial court improperly declined to deliver a *Secondino*[1] missing witness instruction. We affirm the judgment of the trial court.

---

[1] *Secondino* v. *New Haven Gas Co.,* 147 Conn. 672, 165 A.2d 598 (1960).

The sole issue on appeal is whether the trial court improperly refused to instruct the jury, pursuant to *Secondino* v. *New Haven Gas Co.*, 147 Conn. 672, 675, 165 A.2d 598 (1960), that it could draw an adverse inference from the state's failure to call a witness. Subsequent to the trial court's decision in the present case, but prior to oral argument in the Appellate Court, our Supreme Court decided *State* v. *Malave*, 250 Conn. 722, 737 A.2d 442 (1999), cert. denied, 528 U.S. 1170, 120 S. Ct. 1195, 145 L. Ed. 2d 1099 (2000).

In *Malave*, our Supreme Court revisited the rule that allowed a jury to draw an adverse inference from the failure of a party to call a particular witness and concluded that "the time has come to abandon the missing witness rule." Id., 738. The *Malave* decision applies retroactively to this case. *State* v. *Quinones*, 56 Conn. App. 529, 533, 745 A.2d 191 (2000).

The trial court here declined to give the *Secondino* missing witness instruction. In view of *Malave*, we need not analyze whether that decision was correct because the defendant was not entitled to the instruction under any circumstances. See *State* v. *Bailey*, 56 Conn. App. 760, 762, 746 A.2d 194 (2000). *Malave* also renders it unnecessary for us to recite the facts of this case. Such recitation would serve no useful purpose because the only claim raised by the defendant concerns an evidentiary rule that is no longer viable in Connecticut.

The judgment is affirmed.

In this opinion the other judges concurred.