STATE OF CONNECTICUT *v.* DARIUS MILLER
(AC 19027)

Landau, Mihalakos and Pellegrino, Js.

Argued May 3—officially released August 15, 2000

*Jerald S. Barber,* special public defender, for the appellant (defendant).

*Frederick W. Fawcett,* supervisory assistant state's attorney, with whom, on the brief, were *Jonathan C. Benedict,* state's attorney, and *Joseph T. Corradino,* assistant state's attorney, for the appellee (state).

*Opinion*

PELLEGRINO, J. The defendant, Darius Miller, appeals from judgment of conviction, rendered following a jury trial, of robbery in the first degree in violation

of General Statutes § 53a-134 (a) (4)[1] and conspiracy to commit robbery in the first degree in violation of General Statutes §§ 53a-48 and 53a-134 (a) (4).[2] The defendant claims that the trial court improperly (1) restricted the defendant's cross-examination of a witness, (2) ruled on evidentiary matters and (3) denied his motion for judgment of acquittal, which he based on insufficient evidence. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to our resolution of this appeal. On December 23, 1996, at approximately 1 p.m., the defendant, Michael Capozziello, Charles Jones and Jasper Dudley participated in the armed robbery of a Bridgeport auto parts store.[3] Capozziello subsequently confessed to the crime, implicating the defendant and the two others. Capozziello testified against the defendant at trial. Additional facts will be discussed where relevant to the issues on appeal.

I

The defendant claims first that the court improperly restricted his cross-examination of Capozziello, thereby effectively depriving him of his right to confront the

---

[1] General Statutes § 53a-134 (a) provides in relevant part: "A person is guilty of robbery in the first degree when, in the course of the commission of the crime of robbery . . . or of immediate flight therefrom, he or another participant in the crime . . . (4) displays or threatens the use of what he represents by his words or conduct to be a pistol, revolver, rifle, shotgun, machine gun or other firearm . . . ."

[2] General Statutes § 53a-48 (a) provides: "A person is guilty of conspiracy when, with intent that conduct constituting a crime be performed, he agrees with one or more persons to engage in or cause the performance of such conduct, and any one of them commits an overt act in pursuance of such conspiracy."

[3] The defendant was tried along with Jones and Dudley in a consolidated trial. Jones and Dudley were each convicted of the same crimes as the defendant and have appealed to this court.

witnesses against him under article first, § 8,[4] of the constitution of Connecticut, and the sixth[5] and fourteenth[6] amendments to the United States constitution. We do not review this claim.

The defendant did not preserve this issue at trial and, therefore, he can obtain review of this claim only under the doctrine enunciated in *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989),[7] or the plain error doctrine. Practice Book § 60-5; see *State* v. *Quinones*, 56 Conn. App. 529, 531, 745 A.2d 191 (2000). The defendant's claim does not satisfy the criteria established under either doctrine.

It is the responsibility of the defendant to provide this court with an adequate record and to brief each issue adequately. Practice Book § 61-10; *Taylor* v. *State Board of Mediation & Arbitration*, 54 Conn. App. 550, 558, 736 A.2d 175 (1999) (" '[i]t is the responsibility of the appellant to provide an adequate record for review' "), cert. denied, 252 Conn. 925, 747 A.2d 1, cert. denied, 530 U.S. 1266, 120 S. Ct. 2729, 147 L. Ed. 2d 992 (2000); *State* v. *Ramos*, 36 Conn. App. 831, 839, 661

---

[4] Article first, § 8, of the constitution of Connecticut provides in relevant part: "In all criminal prosecutions, the accused shall have a right . . . to be confronted by the witnesses against him . . . . No person shall be . . . deprived of life, liberty or property without due process of law . . . ."

[5] The sixth amendment to the United States constitution provides in relevant part: "In all criminal prosecutions the accused shall enjoy the right . . . to be confronted with the witnesses against him . . . ."

[6] The fourteenth amendment to the United States constitution provides in relevant part: "No State shall . . . deprive any person of life, liberty, or property, without due process of law . . . ."

[7] In *State* v. *Golding*, supra, 213 Conn. 239–40, our Supreme Court held that "a defendant can prevail on a claim of constitutional error not preserved at trial only if *all* of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt." (Emphasis in original.)

A.2d 606 ("[w]e are not required to review issues that have been improperly presented to this court through an inadequate brief"), cert. denied, 235 Conn. 902, 665 A.2d 905 (1995). The defendant has not presented this court with an adequate record to review this claim, nor has he provided any analysis of this claim in his brief to support a reversal of the court's judgment on the basis of *Golding* review.[8] "[C]laims on appeal that are inadequately briefed are deemed abandoned. . . . This rule applies to claims that the defendant is entitled to . . . *Golding* review." (Internal quotation marks omitted.) *State* v. *Salvatore*, 57 Conn. App. 396, 401, 749 A.2d 71, cert. denied, 253 Conn. 921, 755 A.2d 216 (2000). Accordingly, this claim is deemed abandoned. See *State* v. *Perry*, 58 Conn. App. 65, 71 n.4, 751 A.2d 843 (2000) (inadequately briefed claim deemed abandoned). Additionally, the defendant did not request review of this claim under the plain error doctrine. We therefore decline to afford review to this unpreserved claim.

## II

In his second claim, the defendant argues that the court improperly ruled on an evidentiary matter. Specifically, he claims that the trial court improperly failed to admit into evidence a handwritten receipt from a jewelry store owner, thereby violating his right to compulsory process under the sixth amendment to the United States constitution. We disagree.

The following additional facts are relevant to our resolution of this claim. In support of the defendant's alibi defense, his wife testified that the defendant and Dudley accompanied her to New Haven on December 23, 1996, the day of the robbery, where she purchased a ring for her brother. She stated that although the

---

[8] The defendant has not presented us with the relevant portions of the transcript, and the only analysis he provides is to state that "[t]he defendant has satisfied all prongs of [the *Golding*] test."

original receipt for the transaction was probably somewhere in her home, she had in her possession a duplicate handwritten receipt with her that was issued by Richard Estelle, the store's owner, in July, 1997. Estelle testified that the receipt, which he described as a letter, was not the standard form of receipt issued by his store, that he could not locate a receipt for the items the defendant and Dudley claimed they purchased that day, that he had no present recollection of the events of the day of the robbery and that Dudley had provided the information contained in the receipt.

The defendant sought to admit the receipt as a full exhibit "for the purpose of the credibility of the witness." The court sustained the state's objection that the information contained in the receipt was hearsay and that the witness' credibility could not be bolstered by such hearsay. The defendant argued that the receipt was not hearsay because it was not offered to prove that a ring was purchased. The court, however, agreed with the state that the receipt was being offered to prove the truth of the matter asserted therein, namely, that the defendant was in New Haven on the date of the robbery buying a ring. Therefore, the court excluded its admission into evidence on the basis of hearsay.

"Hearsay is an out-of-court statement that is offered to establish the truth of the facts contained in the statement." (Internal quotation marks omitted.) *State* v. *Cramer*, 57 Conn. App. 452, 457, 749 A.2d 60, cert. denied, 253 Conn. 924, 754 A.2d 797 (2000). The trial court's decision that the receipt was hearsay was an evidentiary one, and "[o]n appeal, the trial court's rulings on the admissibility of evidence are accorded great deference. . . . Rulings on such matters will be disturbed only upon a showing of clear abuse of discretion." (Internal quotation marks omitted.) *State* v. *Huckabee*, 54 Conn. App. 758, 761, 738 A.2d 681 (1999).

We conclude that the context in which the receipt was presented indicates that the statement was offered to prove that the defendant was in New Haven, not in Bridgeport, on the day of the robbery, and that it was, therefore, hearsay. Accordingly, we conclude that the court properly exercised its broad discretion in excluding the receipt.

Even if we were to assume arguendo that the defendant's sixth amendment right was implicated by the court's failure to admit the receipt into evidence, any error was harmless in light of the fact that Estelle testified as to the contents of the receipt and the jury was not deprived of the information contained therein. Accordingly, we reject the defendant's claim that he is entitled to a new trial because the court failed to admit the receipt into evidence.

### III

The defendant's final claim is that the verdict was not supported by the evidence. He argues that there was insufficient evidence before the jury for it to find the defendant guilty of conspiracy to commit robbery in the first degree. We do not agree.

"In reviewing a sufficiency of the evidence claim, we apply a two part test. First, we construe the evidence in the light most favorable to sustaining the verdict. Second, we determine whether upon the facts so construed and the inferences reasonably drawn therefrom the jury reasonably could have concluded that the cumulative force of the evidence established guilt beyond a reasonable doubt." (Internal quotation marks omitted.) *State* v. *DeCaro*, 252 Conn. 229, 239, 745 A.2d 800 (2000).

Under the statute establishing culpability for conspiracy, "[a] person is guilty of conspiracy when, with intent that conduct constituting a crime be performed, he

agrees with one or more persons to engage in or cause the performance of such conduct, and any one of them commits an overt act in pursuance of such conspiracy." General Statutes § 53a-48 (a). Our Supreme Court has held that "[t]o establish the crime of conspiracy under § 53a-48 . . . it must be shown that an agreement was made between two or more persons to engage in conduct constituting a crime and that the agreement was followed by an overt act in furtherance of the conspiracy by any one of the conspirators. The state must also show intent on the part of the accused that conduct constituting a crime be performed. . . . Further, the prosecution must show both that the conspirators intended to agree and that they intended to commit the elements of the underlying offense. . . . Intent is generally proven by circumstantial evidence because direct evidence of the accused's state of mind is rarely available. . . . [I]ntent is often inferred from conduct . . . and from the cumulative effect of the circumstantial evidence and the rational inferences drawn therefrom." (Citations omitted; internal quotation marks omitted.) *State* v. *Henry*, 253 Conn. 354, 367, 752 A.2d 40 (2000).

On the basis of the evidence and the reasonable inferences drawn therefrom, we conclude that there was sufficient evidence for the jury to find that the defendant had agreed with Capozziello, Jones and Dudley to commit the robbery of the auto parts store, that he did so with the intent that the robbery take place, and that he committed an overt act in furtherance of that agreement. On the morning of the robbery, the defendant, Dudley, Capozziello and Jones drove around in Dudley's vehicle. The four discussed robbing an Army-Navy store, and the defendant suggested robbing the auto parts store where he had worked, stating that he knew where the money was located. When the four arrived at the auto parts store, the defendant entered the store to survey the area. After he exited the store,

Jones and Capozziello committed the robbery, and then the four men divided the illicit proceeds.

From this evidence, the jury reasonably could have found that the defendant and the three others agreed to rob the auto parts store, and that the defendant aided in accomplishing that result by choosing the location of the robbery and monitoring the store prior to the robbery. Accordingly, we conclude that there was sufficient evidence to support the defendant's conviction of conspiracy to commit robbery in the first degree.

The judgment is affirmed.

In this opinion the other judges concurred.