STATE OF CONNECTICUT *v.* ORGEBY HOLLBY
(AC 18678)

O'Connell, C. J., and Mihalakos and Zarella, Js.[1]

---

[1] The listing of judges reflects their seniority status on this court as of the date of oral argument.

Argued March 1—officially released September 5, 2000

*Del Atwell*, special public defender, for the appellant (defendant).

*Robert M. Spector*, deputy assistant state's attorney, with whom, on the brief, were *Michael Dearington*, state's attorney, and *Mary A. Sanangelo*, senior assistant state's attorney, for the appellee (state).

*Opinion*

O'CONNELL, C. J. The defendant appeals from the judgment of conviction, rendered after a jury trial, of sexual assault in the first degree in violation of General Statutes § 53a-70 (a) (2), sexual assault in the third degree in violation of General Statutes § 53a-72 (a) (1) (A) and risk of injury to a child in violation of General Statutes (Rev. to 1991) § 53a-21. The defendant claims that (1) the information was jurisdictionally defective, (2) the conviction of sexual assault in the first degree was not supported by the evidence, (3) the trial court improperly instructed the jury and (4) he was denied effective assistance of counsel. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to our resolution of this appeal. On July 15, 1997, the defendant was arrested in connection with the sex-

ual assault of the four year old daughter of the girlfriend with whom he lived. He subsequently was charged in an information with the three crimes of which he was convicted. The sexual assaults that provided the basis for the conviction took place between April and September, 1991, when the defendant engaged in repeated acts of digital fondling and penile contact with the vaginal area of the victim. Additional facts will be discussed where relevant to the issues on appeal.

I

The defendant claims first that the information was jurisdictionally defective. He argues that the court lacked jurisdiction because the information failed to state his age and therefore failed to charge him properly with sexual assault in the first degree. We do not agree.

The following additional facts are relevant to our resolution of this claim. The defendant filed a motion for a bill of particulars seeking the date, time and location of each offense that was alleged to have occurred, as well as the statutory offenses with which he was charged. Shortly thereafter, the state filed a long form information that, as amended, charged that "at the city of New Haven, on an unknown date or dates between 1990 through 1991, at 198 Winthrop Avenue, the said [defendant] engaged in sexual intercourse (to wit: penile penetration) with another person (a female child . . . D.O.B. 2/7/87) and such other person was under thirteen years of age and the said [defendant] was more than two years older than such person, said conduct being in violation of [§] 53a-70 (a) (2) . . . ."

Although the defendant raises this issue for the first time on appeal, it is reviewable because it concerns a jurisdictional challenge based on a defective information. Practice Book § 41-5; *State* v. *McMurray*, 217 Conn. 243, 249, 585 A.2d 677 (1991). "When reviewing a claim, not raised prior to the verdict, that an information

fails to charge all the essential elements of an offense, we must construe the information liberally in favor of the state. . . . [A] conviction based upon a challenged information is valid unless the information is so obviously defective that by no reasonable construction can it be said to charge the offense for which conviction was had. . . .

"When the state's pleadings have informed the defendant of the charge against him with sufficient precision to enable him to prepare his defense and to avoid prejudicial surprise, and were definite enough to enable him to plead his acquittal or conviction in bar of any future prosecution for the same offense, they have performed their constitutional duty. . . . [I]t is sufficient for the state to set out in the information the statutory name of the crime with which the defendant is charged, leaving to the defendant the burden of requesting a bill of particulars more precisely defining the manner in which the defendant committed the offense. . . . [T]here [is] no constitutional infirmity in the state's practice here, nor in the requirement that the defendant request a more particularized allegation if he desires one." (Citations omitted; internal quotation marks omitted.) *State* v. *Reed*, 55 Conn. App. 170, 175–76, 740 A.2d 383, cert. denied, 251 Conn. 921, 742 A.2d 361 (1999).

Although the information did not include the defendant's age, it did provide the defendant with the exact section and subsection of the statute under which he was charged, and included pertinent information regarding where, how and approximately when the alleged events occurred. Moreover, it provides the victim's date of birth and expressly alleges that the defendant was more than two years her senior at the time of the assault. On the basis of our review of the record, we conclude that the information adequately charged the defendant with the offense for which he was convicted and was sufficiently precise as to enable him

to prepare his defense. Because the information was adequate, we conclude that the trial court had jurisdiction over this matter.

## II

The defendant claims next that the jury's verdict of guilty of sexual assault in the first degree was not supported by the evidence. He argues that the jury was not presented with evidence sufficient for it to find that the defendant was more than two years older than the victim. We do not agree.

The defendant did not preserve this issue at trial and, therefore, he can obtain review of this claim only under the doctrine enunciated in *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989),[2] or if his claim qualifies under the plain error doctrine. *State* v. *Quinones*, 56 Conn. App. 529, 531, 745 A.2d 191 (2000). A claim that evidence was insufficient to convict is of constitutional dimension and, therefore, is subject to review under *Golding*. *State* v. *Jamison*, 56 Conn. App. 223, 226–27, 742 A.2d 1272 (1999).

"In reviewing a sufficiency of the evidence claim, we apply a two part test. First, we construe the evidence in the light most favorable to sustaining the verdict. Second, we determine whether upon the facts so construed and the inferences reasonably drawn therefrom the jury reasonably could have concluded that the cumulative force of the evidence established guilt beyond a reasonable doubt." (Internal quotation marks

[2] In *State* v. *Golding*, supra, 213 Conn. 239–40, our Supreme Court held that "a defendant can prevail on a claim of constitutional error not preserved at trial only if *all* of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt." (Emphasis in original.)

omitted.) *State* v. *Miller*, 59 Conn. App. 406, 412, 757 A.2d 69 (2000).

Under the statute proscribing sexual assault in the first degree, § 53a-70 (a) (2), the state is required to prove that the defendant engaged in sexual intercourse with another person, that the other person was under thirteen years of age at the time of the act of intercourse and that the defendant was more than two years older than such person at the time of the act of intercourse. The defendant claims that the "record is devoid of any indication of the defendant's age" and, therefore, the state failed to sustain its burden of establishing this element of the crime of sexual assault in the first degree. The defendant claims also that the state failed to meet its burden of proving beyond a reasonable doubt that the defendant engaged in sexual intercourse with the victim or that the defendant was the victim's assailant.

On the basis of the evidence and the reasonable inferences drawn therefrom, we conclude that there was sufficient evidence for the jury to conclude that the defendant committed sexual assault in the first degree against the victim. The jury was presented with direct evidence that the victim was four years old at the time of the assaults and with circumstantial evidence that the defendant was at least seven years old when he committed the assaults. The jury was aware that the defendant was the live-in boyfriend of the victim's mother, that he shared a bedroom with the victim's mother, that he baby-sat the victim while her mother was away, that the victim's brother, who was five years old at the time of the assaults, sought his assistance with homework, and that the defendant inserted his penis into the victim's vagina. The jury also could view the defendant at trial. Furthermore, the jury heard evidence that the defendant, at least once, laid on top of the victim while her pants and underwear were pulled down to her feet with her legs spread wide apart while

his pants were also pulled down, and that he put his penis inside her vagina at that time while moving his body up and down.

The jury is entitled to draw reasonable and logical inferences from the evidence. "[T]he jury's function is to draw whatever inferences from the evidence or facts established by the evidence it deems to be reasonable and logical." *State* v. *Grant*, 219 Conn. 596, 604, 594 A.2d 459 (1991). "[I]n considering the evidence introduced in a case, [j]uries are not required to leave common sense at the courtroom door . . . nor are they expected to lay aside matters of common knowledge or their own observation and experience of the affairs of life, but, on the contrary, to apply them to the evidence or facts in hand, to the end that their action may be intelligent and their conclusions correct." (Internal quotation marks omitted.) *State* v. *Ardono*, 45 Conn. App. 187, 195, 695 A.2d 6, cert. denied, 242 Conn. 904, 697 A.2d 688 (1997).

In light of the evidence presented, it was reasonable for the jury to conclude that a person who was the live-in boyfriend of the victim's mother would be older than seven years of age. From that fact and the others established at trial and the reasonable inferences to be drawn therefrom, it was reasonable for the jury to have found that the defendant was at least seven years of age and that he vaginally penetrated the victim who was four years old. We conclude, therefore, that the defendant's conviction of sexual assault in the first degree properly was based on sufficient evidence.

### III

The defendant claims next that the court improperly instructed the jury. Specifically, the defendant claims that the instruction was improper because (1) it constituted a constructive amendment to the information, thereby denying his right to notice of the charges against

him under the sixth amendment to the United States constitution, (2) the court failed to mention the concept of presumption of innocence and (3) the court improperly instructed the jury regarding reasonable doubt. We do not agree.

The defendant did not raise these claims in the trial court and, therefore, may seek review only under the *Golding*[3] or plain error doctrines.[4] Because the record is adequate for review and the alleged violation is of constitutional magnitude, involving the defendant's right to due process, we must, therefore, determine whether the defendant has met his burden under the third prong of *Golding* to show that the alleged constitutional violation clearly exists and clearly deprived him of a fair trial. See *State* v. *Golding*, supra, 213 Conn. 239–40.

"In reviewing a constitutionally based challenge to the court's instructions to the jury, we must determine whether the charge, read in its entirety, fairly presents the case to the jury in such a way that injustice is not done to either party under the established rules of law. . . . [W]e must consider the jury charge as a whole to determine whether it is reasonably possible that the instruction misled the jury. . . . To pass constitutional muster, jury instructions must be correct in law, adapted to the issues in the case and sufficient to guide the jury in arriving at a verdict. . . . The test that we apply to any part of a charge is whether the charge as a whole presents the case to a jury in such a manner that no injustice is perpetrated. . . . [R]eversal [is required] only if, in the context of the whole instruction, there is a reasonable possibility that the jury was misled in reaching its verdict." (Citations omitted; internal quotation marks omitted.) *State* v. *Dwyer*, 59 Conn. App. 207, 217, 757 A.2d 597 (2000).

---

[3] See footnote 2.

[4] See Practice Book § 60-5.

## A

According to the defendant, the court failed to instruct the jury properly because the instruction given informed the jury that it must make a finding that the defendant was more than two years older than the victim at the time of the act of sexual intercourse in order to find the defendant guilty of sexual assault in the first degree. Although this charge properly characterizes a necessary element of the crime of sexual assault in the first degree, the defendant claims that, because this element was not included in the information or amended informations, the trial court enlarged the charged offenses. This, he claims, constituted an improper constructive amendment to the information such that the judgment of conviction as to this charge should be reversed.

As we discussed in part I of this opinion, however, the final information stated that the defendant "engaged in sexual intercourse (to wit: penile penetration) with another person (a female child . . . D.O.B. 2/7/87) and such other person was under thirteen years of age and *the said [defendant] was more than two years older than such person* . . . ." (Emphasis added.) The court's instruction was consistent with both the language of the information and the statute defining sexual assault in the first degree. Accordingly, this claim is without merit.

## B

The defendant claims that the court failed to instruct the jury on the presumption of the defendant's innocence. This claim is without merit.

The court informed the jury that "the defendant . . . is presumed to be innocent unless he is proven guilty beyond a reasonable doubt. . . . [A]t the moment the defendant was presented for trial here before you . . .

he then was innocent and . . . he continues [to be] innocent until such time as the evidence . . . proves to you beyond a reasonable doubt that he is guilty." Because the court properly informed the jury on the presumption of the defendant's innocence, this claim must fail.

C

The defendant claims also that the court improperly instructed the jury that "a reasonable doubt is a real doubt, an honest doubt, a doubt which has its foundation in the evidence offered in the case or in the absence of evidence." This claim is meritless.

The challenged instruction is similar to jury instructions that previously have been approved by our Supreme Court. See *State* v. *Small*, 242 Conn. 93, 114–15, 700 A.2d 617 (1997). This court cannot review or reverse Supreme Court precedent. *State* v. *Bailey*, 56 Conn. App. 760, 762, 746 A.2d 194 (2000). Although the defendant is aware that we cannot review this claim, he makes it nevertheless to preserve the record in the event of Supreme Court review. Accordingly, the defendant cannot prevail on this claim in this court.

Our review of the charge as a whole, however, reveals that it is not reasonably possible that the jury was misled as to any of the issues presented by the defendant here and that the court properly instructed the jury. The defendant, therefore, has failed to demonstrate that a violation of his constitutional rights clearly occurred and clearly deprived him of a fair trial. All of these claims, therefore, fail the third prong of *Golding*.

IV

The defendant claims finally that he was denied effective assistance of counsel. He argues that he was denied his right under the sixth amendment to the United States constitution to proceed pro se. We disagree.

"We have long held that the proper forum in which to address claims of ineffective representation of counsel is in the habeas forum or in a petition for a new trial, rather than on direct appeal. . . . [O]ur Supreme Court has stated [that] an ineffective assistance claim should be resolved, not in piecemeal fashion, but as a totality after an evidentiary hearing in the trial court where the attorney whose conduct is in question may have an opportunity to testify." (Citations omitted; internal quotation marks omitted.) *State* v. *Laracuente*, 57 Conn. App. 91, 97, 749 A.2d 34, cert. denied, 253 Conn. 923, 754 A.2d 798 (2000). We conclude, in accordance with this precedent, that this issue must be resolved in a habeas corpus proceeding.

The judgment is affirmed.

In this opinion the other judges concurred.