STATE OF CONNECTICUT *v.* JEFFREY WALKER
(AC 19699)

Mihalakos, Dranginis and Daly, Js.

Argued September 11—officially released November 27, 2001

*Alan E. Dillon*, special public defender, for the appellant (defendant).

*John A. East III*, assistant state's attorney, with whom, on the brief, were *Michael Dearington*, state's attorney, and *Robert J. O'Brien*, supervisory assistant state's attorney, for the appellee (state).

*Opinion*

DRANGINIS, J. The defendant appeals from the judgment of conviction, rendered after a jury trial, of two counts of sexual assault in the first degree in violation

of General Statutes § 53a-70 (a) (1)[1] and one count of unlawful restraint in the first degree in violation of General Statutes § 53a-95 (a).[2] On appeal, the defendant claims that the trial court improperly restricted his right to present final argument by precluding him from commenting about a missing witness. We affirm the judgment of the trial court.

The jury reasonably could have found the following facts. On September 2, 1998, the victim bought and shared drugs with a female friend at the friend's apartment. The defendant, whom the victim had met once before, also was present. After all of the drugs were consumed, the victim's friend gave $20 to the defendant to purchase more drugs from a nearby dealer. The victim left the apartment with the defendant.

Instead of returning to that apartment after buying drugs, the defendant and the victim went to the third floor attic of the home of the defendant's mother, where the defendant lived. The defendant and the victim entered the attic to use the drugs that they had purchased.

A short time later, the defendant and the victim heard her friend shouting from the street outside of the home. The defendant left the attic several times, supposedly to meet with her. When the defendant returned to the attic, he pulled out a knife, grabbed the victim's neck and told her that he would slit her throat if she made

[1] General Statutes § 53a-70 (a) provides in relevant part: "A person is guilty of sexual assault in the first degree when such person (1) compels another person to engage in sexual intercourse by the use of force against such other person or a third person, or by the threat of use of force against such other person or against a third person which reasonably causes such person to fear physical injury to such person or a third person . . . ."

[2] General Statutes § 53a-95 (a) provides: "A person is guilty of unlawful restraint in the first degree when he restrains another person under circumstances which expose such other person to a substantial risk of physical injury."

any noise. Still holding the knife against the victim's neck, the defendant proceeded to push the victim onto his bed and forced her to engage in sexual intercourse. The defendant then left the attic and locked the door behind him. When the defendant returned, he again wielded the knife, and forced the victim to perform fellatio and to have sexual intercourse with him. A few hours later, the defendant released the victim.

The defendant subsequently was arrested, and a jury trial ensued. During the trial, the victim testified that soon after the attack, she informed her boyfriend, Bradley Fullwood, that the defendant had forced her to perform fellatio. She admitted that she did not describe to her boyfriend all of the acts forced on her by the defendant. In the presentation of his defense, the defendant called as a witness his stepbrother, Joseph Duarte, Jr., who resided with the defendant. Duarte testified that some time after he saw the victim leave the home, a man, who identified himself only as the victim's boyfriend, visited the house to speak with the defendant.[3]

The defendant was convicted of two counts of sexual assault in the first degree in violation of § 53a-70 (a) (1) and one count of unlawful restraint in the first degree in violation of § 53a-95 (a). This appeal followed.

The defendant claims that in light of *State* v. *Malave*, 250 Conn. 722, 737 A.2d 442 (1999) (en banc), cert. denied, 528 U.S. 1170, 120 S. Ct. 1195, 145 L. Ed. 2d 1099 (2000), the court improperly restricted his right to present final argument by precluding him from commenting on the state's failure to call Fullwood as a witness. The defendant, therefore, argues that he is entitled to a new trial. We are not persuaded.

---

[3] Duarte testified that he had never before encountered the person who visited the defendant and that this person did not identify himself as Fullwood.

At the conclusion of the trial, the defendant made a written request for a *Secondino*[4] charge on the basis of the state's failure to call Fullwood as a witness. In his request to charge, the defendant stated that "[i]n this case, the state did not call Bradley Fullwood as a witness. . . . The failure of a party to produce a witness who is within his power to produce and who would naturally have been produced by him permits the inference that the evidence by that witness would be unfavorable to the party's case." The court denied the defendant's request to charge, concluding that it appeared "to the court that probably Mr. Fullwood would be a, if a witness at all, would be a constancy witness. So, the court will not give that charge, and the court will also restrict [the defendant], in your argument, not to refer to Mr. Fullwood." The defendant responded in pertinent part: "I think he's more than just another constancy witness, and I think that the fact that he is not produced as a witness is important and—and that the jury ought to be entitled to draw a permissible inference, and that's all we're asking for . . . a permissible inference."

The defendant's claim arises out of the decision of our Supreme Court in *State* v. *Malave*, supra, 250 Conn. 722. Subsequent to the trial court's decision in the present case but prior to the filing of the present appeal, our Supreme Court decided *Malave*. The *Malave* decision applies retroactively to this case. *State* v. *Quinones*, 56 Conn. App. 529, 533, 745 A.2d 191 (2000).

In *Malave*, our Supreme Court abandoned the *Secondino* rule in criminal cases. See footnote 4. Although the court abandoned the *Secondino* rule, it explicitly provided that it did not intend to "prohibit counsel from

---

[4] *Secondino* v. *New Haven Gas Co.*, 147 Conn. 672, 674–75, 165 A.2d 598 (1960), overruled in part, *State* v. *Malave*, 250 Conn. 722, 737 A.2d 442 (1999) (en banc), cert. denied, 528 U.S. 1170, 120 S. Ct. 1195, 145 L. Ed. 2d 1099 (2000).

making appropriate comment, in closing arguments, about the absence of a particular witness, insofar as that witness' absence may reflect on the weakness of the opposing party's case." *State* v. *Malave*, supra, 250 Conn. 739. Comments in closing argument that do "not directly exhort the jury to draw an adverse inference by virtue of the witness' absence" do not necessarily fall under the ambit of *Secondino*, and, accordingly, are not forbidden by *Malave*. Id. The court further stated that "[o]f course, the trial court retains wide latitude to permit or preclude such a comment, and may, in its discretion, allow a party to adduce additional evidence relative to the missing witness issue." Id., 740; see *State* v. *Joyce*, 243 Conn. 282, 305–306, 705 A.2d 181 (1997), cert. denied, 523 U.S. 1077, 118 S. Ct. 1523, 140 L. Ed. 2d 674 (1998).

The wide latitude given to trial courts pursuant to *Malave* reflects the general discretion afforded to trial courts in limiting the scope of final argument. "[T]he scope of final argument lies within the sound discretion of the court . . . subject to appropriate constitutional limitations. . . . It is within the discretion of the trial court to limit the scope of final argument to prevent comment on facts that are not properly in evidence, to prevent the jury from considering matters in the realm of speculation and to prevent the jury from being influenced by improper matter that might prejudice its deliberations. . . . While we are sensitive to the discretion of the trial court in limiting argument to the actual issues of the case, tight control over argument is undesirable when counsel is precluded from raising a significant issue." (Internal quotation marks omitted.) *State* v. *Joyce*, supra, 243 Conn. 305–306. Accordingly, we review the trial court's action here under an abuse of discretion standard. See *State* v. *Banks*, 59 Conn. App. 112, 129, 755 A.2d 951, cert. denied, 254 Conn. 950, 762 A.2d 904 (2000).

In contending that the court improperly precluded him from commenting on Fullwood's absence, the

defendant refers to the language that the court used in denying his *Secondino* request. Specifically, the defendant bases his *Malave* claim on the court's statement that "the court will not give that charge, and the court will also restrict [the defendant], in your argument, not to refer to Mr. Fullwood." We conclude that the defendant's claim is without merit.

At trial, the defendant's request to charge on Fullwood's absence solely implicated *Secondino* principles. He did not seek to comment on the absence of Fullwood in a general manner, nor did he express an intention to mention Fullwood, during closing argument, for the purpose of exposing a weakness in the state's case. Rather, the defendant explicitly sought a jury instruction that would allow the jury to draw an adverse inference from the absence of the witness. Even after the court denied the defendant's request for a *Secondino* instruction, the defendant reiterated that "I think he's more than just another constancy witness . . . and that the jury ought to be entitled to draw a permissible inference, and that's all we're asking for . . . a permissible inference."

As the defendant failed to proffer any other reason regarding the necessity of raising the issue of Fullwood's absence, it is clear that the court's statement, which the defendant now challenges, was made within the context of the defendant's *Secondino* request and in response to that request. At trial, the defendant did not make a request implicating *Malave* principles. Given that the defendant sought to raise the issue of Fullwood's absence solely for the purposes of drawing an adverse inference, we cannot conclude that the court abused its discretion in precluding the defendant from referring to that missing witness during closing argument.

The judgment is affirmed.

In this opinion the other judges concurred.