STATE OF CONNECTICUT *v.* DAMON PERRY
(AC 18153)

O'Connell, C. J., and Hennessy and Dupont, Js.[1]

---

[1] The listing of judges reflects their seniority status on this court as of the date of oral argument.

Argued November 2, 1999—officially released May 30, 2000

*Richard Hustad Miller*, special public defender, for the appellant (defendant).

*John A. East III*, assistant state's attorney, with whom, on the brief, were *Mary M. Galvin*, state's attorney, and *Francis J. McQuade*, supervisory assistant state's attorney, for the appellee (state).

*Opinion*

O'CONNELL, C. J. The defendant, Damon Perry, appeals from the judgments of conviction, following a jury trial, of three counts of sale of cocaine in violation of General Statutes § 21a-278 (b).[2] The defendant claims that (1) his federal and state constitutional rights to due process and equal protection were violated when the state's attorney on cross-examination asked two defense witnesses about the defendant's employment, business practices and income tax returns in an effort to have the jury infer that drug sales were the defendant's only means of supporting himself, (2) the state's attorney engaged in prosecutorial misconduct that deprived the defendant of his constitutional rights to a fair trial and an impartial jury and (3) the trial court

[2] The jury acquitted the defendant of two additional counts of sale of cocaine in violation of § 21a-278 (b).

improperly accepted a verdict from the jury based on insufficient evidence. We affirm the judgments of the trial court.

The following facts and procedural history are relevant to our resolution of this appeal. The defendant was charged in five separate informations with selling cocaine to an undercover police officer five times between October 30, 1995, and December 5, 1995, in violation of § 21a-278 (b). During trial, the defendant presented several alibi witnesses.

I

The defendant first claims that the state's attorney, on cross-examination of two defense witnesses, improperly asked questions concerning the defendant's employment, business practices and income tax returns in an effort to have the jury infer that drug sales were his only means of supporting himself. The defendant contends that this line of inquiry constituted improper and discriminatory use of his economic status to prejudice the jury against him, thereby denying him his constitutional right to equal protection of the law under article first, §§ 1 and 20, and amendments five and twenty-one of the constitution of Connecticut and under the fourteenth amendment to the United States constitution and article first, § 8, of the constitution of Connecticut. We decline to review this claim.

Because this claim was not preserved at trial, the defendant seeks review in this court under *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989), and the plain error doctrine. Practice Book § 60-5; see *State* v. *Quinones*, 56 Conn. App. 529, 531, 745 A.2d 191 (2000). It is well established that "[u]nder *Golding*, a defendant can prevail on a claim of constitutional error not preserved at trial only if all of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitu-

tional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt. In the absence of any one of these conditions, the defendant's claim will fail." (Internal quotation marks omitted.) *State* v. *Connelly*, 46 Conn. App. 486, 509, 700 A.2d 694 (1997), cert. denied, 244 Conn. 907, 908, 713 A.2d 829, cert. denied, 525 U.S. 907, 119 S. Ct. 245, 142 L. Ed. 2d 201 (1998).

This is not a claim of first impression. We previously have held that questions designed to show that a defendant is poor and, thus, might have a motive to commit a crime are not of constitutional magnitude and, accordingly, do not satisfy the second prong of *Golding*. *State* v. *Hansen*, 39 Conn. App. 384, 394, 666 A.2d 421, cert. denied, 235 Conn. 928, 667 A.2d 554 (1995). Accordingly, we conclude that the defendant is not entitled to *Golding* review of this claim.

The defendant does not fare better on his claim for review under the plain error doctrine. Practice Book § 60-5.[3] Review under the plain error doctrine is reserved for truly extraordinary situations where the existence of the error is so obvious that it affects the fairness and integrity of and public confidence in the judicial proceedings. *State* v. *Miller*, 202 Conn. 463, 469, 522 A.2d 249 (1987).

"Numerous courts have recognized that evidence of an imminent financial burden on the defendant is admissible for the purpose of proving motive." *United States*

---

[3] Practice Book § 60-5 provides in relevant part: "The court shall not be bound to consider a claim unless it was distinctly raised at the trial or arose subsequent to the trial. The court may in the interests of justice notice plain error not brought to the attention of the trial court. . . ."

v. *Reed*, 700 F.2d 638, 643 (11th Cir. 1983). Financial condition and employment status may be relevant to a defendant's motive to commit a crime and, thus, are admissible on purely nonconstitutional evidentiary grounds. We conclude, therefore, that the state's attorney's line of inquiry regarding the defendant's impecuniosity did not affect the fairness of the trial and, thus, did not constitute plain error. Accordingly, we decline to review this claim under both *Golding* and the plain error doctrine.

## II

The defendant's next claim, which also was unpreserved at trial, is that the state's attorney engaged in misconduct throughout the trial that effectively deprived the defendant of his rights to due process of law and an impartial jury under article first, § 8, of the constitution of Connecticut, and the fifth and fourteenth amendments to the United States constitution. He claims that the state's attorney engaged in a "seamless web" of misconduct by making improper inflammatory comments and intentionally portraying the defendant as a criminal whose incarceration was necessary to protect society. We do not agree.

Because the defendant neither objected at trial nor filed a motion for a mistrial, he seeks review under *State* v. *Golding*, supra, 213 Conn. 239–40, and the plain error doctrine. Practice Book § 60-5. It is well established that "[w]e will not afford *Golding* review to [unpreserved] claims of prosecutorial misconduct where the record does not disclose a pattern of misconduct pervasive throughout the trial or conduct that was so blatantly egregious that it infringed on the defendant's right to a fair trial." (Internal quotation marks omitted.) *State* v. *Williams*, 231 Conn. 235, 246, 645 A.2d 999 (1994); see *State* v. *Atkinson*, 235 Conn. 748, 769, 670 A.2d 276 (1996).

The defendant asserts that the elicitation of the following evidence by the state's attorney constituted a pervasive pattern of prosecutorial misconduct warranting reversal of the judgments of conviction: The defendant (1) was not employed; (2) made no profit from legitimate private endeavors; (3) had no taxable income during 1995; (4) despite his lack of income, he had assets such as a car and an apartment; (5) was targeted because he was a lieutenant in an organized drug selling operation; and (6) lived in a high crime area. This evidence was introduced properly either to establish the defendant's motive to sell drugs or to test the knowledge or credibility of his alibi witnesses. Accordingly, there was no prosecutorial misconduct in the elicitation of this evidence, and the defendant is therefore unable to establish the clear violation of a constitutional right for purposes of *Golding* review.

The defendant also claims that the state's attorney on cross-examination improperly asked a defense witness how many times the witness had heard the defendant's beeper go off during an earlier occasion when the witness and the defendant watched a videotape. The defendant asserts that this question prejudiced the jury against him because of the inference that drug dealers carry beepers. The basis for the question, however, was to test the credibility of the witness. Because there was a legitimate basis for the question, the state's attorney did not commit misconduct. Furthermore, the court sustained the defendant's objection to the question and instructed the jury to disregard it.

Finally, the defendant claims that by commenting during his closing argument that the defendant failed to present evidence of gainful employment or of an alibi for a particular drug transaction, the state's attorney violated the defendant's right against compelled self-

incrimination.[4] As we discussed previously, however, evidence regarding the defendant's financial status was relevant to the issue of motive, and the defendant based his defense on alibi witnesses. The state's attorney did not assert or imply that the jury should draw a negative inference from the defendant's failure to testify, but rather, he pointed out that the defendant's witnesses did not testify as to an alibi for the date in question or to counter the state's arguments concerning the defendant's lack of income. See *State* v. *Forde*, 52 Conn. App. 159, 173–74, 726 A.2d 132, cert. denied, 248 Conn. 918, 734 A.2d 567 (1999) (state's attorney permitted to bring to jury's attention evidence that stands uncontradicted). The remarks of the state's attorney, therefore, represented reasonable comments on weaknesses in the defendant's case, including his failure to contradict the state's evidence and to support his theory of defense and, accordingly, were not comments on the defendant's failure to testify.

After reviewing the defendant's claim that the state's attorney engaged in a pervasive pattern of misconduct, we conclude that the behavior of the state's attorney did not constitute misconduct, much less a pervasive pattern of misconduct.[5] Accordingly, the state's attor-

[4] The defendant also argues that the state's attorney improperly vouched for the credibility of the state's chief witness, and elicited and discussed evidence that the defendant had, at one time, been in police custody. The defendant did not adequately brief these claims and, therefore, he is deemed to have abandoned them. *State* v. *Quinones*, supra, 56 Conn. App. 532 (declining review of issue inadequately briefed); *Brunswick* v. *Inland Wetlands Commission*, 29 Conn. App. 634, 638, 617 A.2d 466 (1992) ("[c]laims mentioned but not adequately briefed are deemed abandoned").

[5] Even if we were to conclude differently, i.e., that the state's attorney did commit isolated misconduct, the result would be the same for the defendant because there was no "pervasive" misconduct so as to make the trial unfair. See *State* v. *Tweedy*, 219 Conn. 489, 510, 594 A.2d 906 (1991) (claim of prosecutorial misconduct, unpreserved at trial, fails on appeal where challenged conduct " 'unrepresentative of a pattern of conduct repeated throughout the trial' ").

ney did not violate the defendant's rights to due process and an impartial jury.

Because there was no constitutional violation, this claim fails the third prong of *Golding*. We also conclude that the conduct of the state's attorney does not constitute plain error. The defendant therefore can not prevail on this claim.

## III

The defendant's final claim is that the evidence was insufficient for the jury to find him guilty beyond a reasonable doubt. He argues that because the state relied on the testimony of the police officer who purchased the drugs to establish the defendant's identity for all five of the charged drug transactions, the jury's verdict in favor of the defendant as to two of the informations necessarily means that the jury rejected the officer's testimony entirely and, therefore, there was insufficient evidence from which the jury could convict the defendant as to the remaining charges in the other three informations. We do not agree.

Our review of claims of insufficiency of the evidence involves a two part analysis: "First, we construe the evidence in the light most favorable to sustaining the verdict. Second, we determine whether upon the facts so construed and the inferences reasonably drawn therefrom the jury reasonably could have concluded that the cumulative force of the evidence established guilt beyond a reasonable doubt." (Internal quotation marks omitted.) *State* v. *Sivri*, 231 Conn. 115, 126, 646 A.2d 169 (1994).

The gravamen of the defendant's argument is that if reasonable doubt was found to exist as to two of the charged offenses, it necessarily must exist as to all of the charged offenses. He argues that to render a verdict in favor of the defendant as to the charges in two of

the informations and against him as to the charges in the other three informations, the jury necessarily would have to believe the police officer's testimony as to some of the dates of the drug purchases and disbelieve him as to others. This, the defendant argues, creates a material inconsistency that renders the jury's verdict improperly based on insufficient evidence.

Construed in the light most favorable to sustaining the verdict, however, the evidence presented at trial was sufficient to establish beyond a reasonable doubt that the defendant committed the charged crimes. We note at the outset that the defendant was charged in five separate informations, rather than in one information charging him with five separate counts, and that the drug transactions at issue occurred on several days rather than being several separate transactions that occurred on the same day.

In view of the police officer's testimony that he purchased drugs from the defendant on the dates in question, the jury reasonably could have concluded that the defendant was the individual who sold the drugs to the undercover police officer on those dates. If the jury believed that testimony, the verdicts properly would be based on sufficient evidence. See *State* v. *Caballero*, 49 Conn. App. 486, 492, 714 A.2d 1254, cert. denied, 247 Conn. 924, 719 A.2d 1170 (1998) (single witness sufficient to support finding of guilt beyond reasonable doubt). It was the exclusive duty of the jury to resolve any inconsistencies in the testimony, to evaluate the credibility of witnesses and to assess whether the defendant was the person who engaged in the drug transactions. See *State* v. *Smith*, 46 Conn. App. 600, 608, 700 A.2d 91, cert. denied, 243 Conn. 935, 702 A.2d 642 (1997). The fact that the jury rendered guilty verdicts as to three of the charged offenses indicates that the jury believed the testimony of the state's identification wit-

ness over that of the defendant's witnesses as to those charges.

The guilty verdicts, therefore, were supported by the evidence. Accordingly, the defendant cannot prevail on his claim of evidentiary insufficiency.

The judgments are affirmed.

In this opinion the other judges concurred.