STATE OF CONNECTICUT *v.* VICENTE ROSA
(AC 28186)

Flynn, C. J., and Harper and Dupont, Js.

Argued September 11—officially released November 6, 2007

*Neal Cone*, senior assistant public defender, for the appellant (defendant).

*Timothy J. Sugrue*, senior assistant state's attorney, with whom, on the brief, were *James E. Thomas*, former state's attorney, and *Vicki Melchiorre*, senior assistant state's attorney, for the appellee (state).

HARPER, J. The defendant, Vicente Rosa, appeals from the judgment of conviction, rendered after a jury trial, of felony murder in violation of General Statutes § 53a-54c, criminal use of a firearm in violation of General Statutes § 53a-216 and criminal possession of a firearm in violation of General Statutes § 53a-217 (a) (1). The defendant claims that the trial court improperly admitted evidence of his employment status. We affirm the judgment of the trial court.

The jury reasonably could have found the following facts. On December 23, 2002, the defendant contacted the victim, Orlando Ocasio, in order to purchase a quantity of cocaine. The defendant later met the victim outside of the victim's apartment building. At the victim's suggestion, the two entered the building to consummate the transaction. While ascending the stairs to the victim's apartment, the defendant pointed a nine millimeter handgun at the victim and demanded, "give me your shit." The victim refused and reached behind his back. The defendant, fearful that the victim possessed a firearm, fired at the victim seven times. The defendant then quickly fled the scene without taking anything from the victim. Upon questioning by investigating police officers, the defendant confessed to shooting the victim. The state subsequently charged the defendant with murder, felony murder, criminal use of a firearm and criminal possession of a firearm.

At trial, the state sought to introduce the defendant's oral statement made during booking that he had been unemployed at the time of the victim's shooting. The defendant objected, arguing "probative value versus prejudice." The court ruled that the evidence was probative with regard to the charge of attempt to commit robbery, the predicate crime of the felony murder

charge, and admitted the evidence. The state subsequently relied on this evidence during its closing argument, stating in relevant part: "Sometime around midnight on December 24, 2002, [the defendant] ordered up some drugs from Orlando Ocasio. He didn't really want drugs. What he wanted was money. It was the day before Christmas. He was unemployed. He needed the money to pay bills."[1]

I

The defendant's primary contention on appeal is that the admission of evidence that he was unemployed at the time of the incident at issue violated his state and federal constitutional rights to a fair trial and equal protection of the laws. The defendant acknowledges that these claims were not preserved at trial and requests that we afford them *Golding* review.

Under *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989), a claim is reviewable if the record is adequate to review the claim, and "the claim is of constitutional magnitude alleging the violation of a fundamental right . . . ." Because we are unconvinced that the defendant's claim is one of constitutional magnitude, we decline to afford it review.

As a preliminary matter, we note that "[w]e previously have held that questions designed to show that a defendant is poor and, thus, might have a motive to commit a crime are not of constitutional magnitude and, accordingly, do not satisfy the second prong of *Golding*." *State* v. *Perry*, 58 Conn. App. 65, 68, 751 A.2d 843, cert. denied, 254 Conn. 914, 759 A.2d 508 (2000). Such is the case here. The defendant's claim is essentially an evidentiary, and not a constitutional, matter.

---

[1] The defendant provided a written statement to the police, which was read to the jury, in which the defendant confessed to the aforementioned series of events and further stated that he had "needed money to pay bills for the apartment."

"Evidentiary claims are not of constitutional magnitude and are thus not entitled to *Golding* review." (Internal quotation marks omitted.) *State* v. *Hansen,* 39 Conn. App. 384, 390, 666 A.2d 421, cert. denied, 235 Conn. 928, 667 A.2d 554 (1995). Despite the defendant's assertion that equal protection and fair trial issues "plainly [arise] if the jury is allowed to use unemployment when deciding on guilt in attempted robbery cases," he provides no persuasive authority for such a proposition. Rather, each case relied on by the defendant treats the matter as an evidentiary, as opposed to a constitutional, inquiry. Simply "[p]utting a constitutional tag on a nonconstitutional claim will no more change its essential character than calling a bull a cow will change its gender." *State* v. *Gooch,* 186 Conn. 17, 18, 438 A.2d 867 (1982). We accordingly decline to review defendant's claim pursuant to *Golding.*

## II

We next turn to the defendant's nonconstitutional argument that evidence of his unemployment was unduly prejudicial and, thus, improperly admitted into evidence. We cannot conclude that the court abused its discretion in determining that this evidence was not so unduly prejudicial as to outweigh its probative value.

We begin our analysis by noting that "[u]nless an evidentiary ruling involves a clear misconception of the law, [t]he trial court has broad discretion in ruling on the admissibility . . . of evidence. . . . The trial court's ruling on evidentiary matters will be overturned only upon a showing of a clear abuse of the court's discretion. . . . We will make every reasonable presumption in favor of upholding the trial court's ruling . . . . Moreover, evidentiary rulings will be overturned on appeal only where there was an abuse of discretion and a showing by the defendant of substantial prejudice

or injustice." (Internal quotation marks omitted.) *State v. Smith*, 275 Conn. 205, 219, 881 A.2d 160 (2005).

"[E]vidence is relevant if it has a tendency to establish the existence of a material fact. . . . Relevant evidence is evidence that has a logical tendency to aid the trier [of fact] in the determination of an issue. . . . One fact is relevant to another if in the common course of events the existence of one, alone or with other facts, renders the existence of the other either more certain or more probable. . . .

"Although relevant, evidence may be excluded by the trial court if the court determines that the prejudicial effect of the evidence outweighs its probative value. . . . Of course, [a]ll adverse evidence is damaging to one's case, but it is inadmissible only if it creates undue prejudice so that it threatens an injustice were it to be admitted. . . . The test for determining whether evidence is unduly prejudicial is not whether it is damaging to the defendant but whether it will improperly arouse the emotions of the jury. . . . The trial court . . . must determine whether the adverse impact of the challenged evidence outweighs its probative value." (Internal quotation marks omitted.) *State v. Cummings*, 91 Conn. App. 735, 743–44, 883 A.2d 803, cert. denied, 276 Conn. 923, 888 A.2d 90 (2005).

Evidence of unemployment generally is relevant to one's motive to attempt robbery. See *State v. Perry*, supra, 58 Conn. App. 69 ("[f]inancial condition and employment status may be relevant to a defendant's motive to commit a crime and, thus, are admissible on purely nonconstitutional evidentiary grounds"). The fact that the defendant was unemployed at the time that these crimes occurred made it more likely that he would resort to theft to obtain funds than if he were employed and had a steady stream of income. Although evidence of the defendant's unemployment may have

been far from conclusive, "[e]vidence is not rendered inadmissible because it is not conclusive. All that is required is that the evidence tend to support a relevant fact even to a slight degree . . . ." (Internal quotation marks omitted.) *State* v. *Cummings*, supra, 91 Conn. App. 743.

The defendant next argues that, regardless of its probative value, evidence of a generalized condition of poverty or unemployment, without an articulated concrete or immediate need for funds, is per se unduly prejudicial.[2] Although we may be inclined, in certain circumstances, to agree that evidence of a defendant's chronic poverty may improperly arouse the emotions of a jury, we are not convinced that such a result follows in a case such as the one at bar in which only evidence of the defendant's unemployment at the time of the crime has been introduced. Unlike the defendant, we recognize a distinction between evidence of chronic poverty and evidence of unemployment at a relevant time, as even a well-to-do person may be unemployed at times.[3]

---

[2] The defendant relies on a litany of cases from other jurisdictions that have so held. See, e.g., *People* v. *Wilson*, 3 Cal. 4th 926, 939, 838 P.2d 1212, 13 Cal. Rptr. 2d 259 (1992) ("[e]vidence of a defendant's poverty or indebtedness generally is inadmissible to establish motive to commit robbery or theft, because reliance on poverty alone as evidence of motive is deemed unfair to the defendant, and the probative value of such evidence is considered outweighed by the risk of prejudice"), cert. denied, 507 U.S. 1006, 113 S. Ct. 1648, 123 L. Ed. 2d 269 (1993); *State* v. *Mathis*, 47 N.J. 455, 472, 221 A.2d 529 (1966) ("relationship between the deceased and defendant of creditor and debtor may be competent as to motive . . . but, in general terms, there must be something more than poverty to tie a defendant into a criminal milieu" [citation omitted]), on appeal after remand, 52 N.J. 238, 245 A.2d 20 (1968), rev'd, 403 U.S. 946, 91 S. Ct. 2277, 29 L. Ed. 2d 855 (1971). We find these cases to be distinguishable from the case at bar.

[3] Furthermore, even if we were to hold that evidence of the defendant's unemployment had been unduly prejudicial, we nonetheless would conclude that the admission of this evidence would have constituted harmless error. See *State* v. *Gonzales*, 272 Conn. 515, 527, 864 A.2d 847 (2005) (appellant bears burden of establishing that impropriety of evidentiary ruling of nonconstitutional magnitude was probably harmful to him). The state also intro-

Accordingly, we conclude that the court did not abuse its discretion in determining that the probative value of the evidence of the defendant's unemployment was not outweighed by its prejudicial effect.

The judgment is affirmed.

In this opinion the other judges concurred.

duced evidence demonstrating the defendant's concrete need for money in the form of a written confession, read to the jury, the admission of which has not been contested on appeal. Therein, the defendant stated that at the time of the incident at issue, he "needed money to pay bills for the apartment." Thus, the evidence at issue was merely cumulative of the criminal motive the defendant himself had conceded.