******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

VINCENTE ROSA *v.* COMMISSIONER OF
CORRECTION
(AC 37573)

Lavine, Mullins and Harper, Js.

*Argued September 20, 2016—officially released March 14, 2017*

(Appeal from Superior Court, judicial district of
Tolland, Cobb, J.)

*David B. Rozwaski*, assigned counsel, for the appellant (petitioner).

*Timothy J. Sugrue*, assistant state's attorney, with
whom, on the brief, were *Gail P. Hardy*, state's attorney, and *Erika L. Brookman*, senior assistant state's
attorney, for the appellee (respondent).

*Opinion*

HARPER, J. The petitioner, Vincente Rosa, appeals following the denial of his petition for a writ of habeas corpus. The habeas court granted certification to appeal on the petitioner's claims that it improperly concluded that his criminal trial counsel, Bruce Lorenzen, did not provide ineffective assistance of counsel by failing (1) to adequately advise the petitioner regarding plea offers, (2) to move for a mistrial regarding potential juror bias, and (3) to prepare and adequately argue for sentence mitigation with testimony from petitioner's family. After reviewing the petitioner's brief, we conclude that the petitioner has failed to brief adequately the first and third issues and, accordingly, we decline to review these claims.[1] Regarding the petitioner's remaining claim, we conclude that the court properly determined that the petitioner's counsel did not provide ineffective assistance, and, accordingly, we affirm the judgment of the habeas court.

The following facts found by the habeas court and procedural history are relevant to our resolution of the petitioner's claims.[2] The petitioner's conviction arises from events that occurred on December 23, 2002, during which he fatally shot Orlando Ocasio in what can be fairly described as a drug deal gone wrong. *State* v. *Rosa*, 104 Conn. App. 374, 375, 933 A.2d 731 (2007), cert. denied, 286 Conn. 906, 944 A.2d 980 (2008). The petitioner was arrested for this killing on or about December 27, 2002. He was charged with murder in violation of General Statues § 53a-54a, felony murder in violation of General Statutes § 53a-54c, criminal use of a firearm in violation of General Statutes § 53a-216, and criminal possession of a firearm in violation of General Statutes § 53a-217. The principal evidence against the petitioner was his confession to shooting the victim.

The petitioner elected a trial by jury. During deliberations on March 16, 2005, the jury sent a note to the court in which the members of the jury expressed concern for their safety. The note was not entered into evidence at the habeas proceeding; however, the transcript containing the trial court's discussion of this note with the parties is a part of the habeas record. The trial court stated that "most of the jurors feel that if they deliver an unfavorable verdict towards the [petitioner], that the family may have—whatever—retribution as we exit the court property. Every time we have left, [the petitioner's] family has been outside the lobby of the courthouse. They also expressed they haven't bothered anybody." After discussing the jury's note with the parties, the trial court addressed the jury on the record and attempted to assuage their fears by explaining that the court had never seen an incident of violence against a juror in more than thirty years in criminal court. The jury also was told that if a serious safety concern arose,

the state would provide judicial marshals as escorts and "whatever precautions that [the jurors] feel are necessary." At no time during these events did Lorenzen move for a mistrial on the ground that the jury's note indicated potential juror bias.

Thereafter, on March 17, 2005, the jury found the petitioner guilty of felony murder and criminal use of a firearm, and the court found him guilty of criminal possession of a firearm. On June 3, 2005, he was sentenced to a total effective sentence of fifty-four years of incarceration.[3]

On February 14, 2014, the petitioner filed the operative petition for a writ of habeas corpus alleging, as is relevant here,[4] that Lorenzen's deficient performance in failing to move for a mistrial based on juror bias deprived the petitioner of his right to the effective assistance of counsel under *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), and its progeny. At the habeas trial, the petitioner presented the testimony of, among others, Lorenzen. The habeas court's factual findings regarding this claim expressly were tied to its credibility determination of Lorenzen's testimony. In particular, the habeas court found that "the credible evidence produced at trial established that . . . Lorenzen's decision not to move for a mistrial after the jurors' note was a tactical decision." The court credited Lorenzen's testimony that he believed that there was a possibility that the petitioner might win an acquittal from this particular jury, and he wished to protect that chance by not seeking a mistrial. The habeas court noted that this is the type of strategic decision that reviewing courts are reluctant to second-guess. Finally, the court also concluded that the petitioner failed to prove that there was a reasonable probability that a motion for a mistrial would have been granted. For these reasons, the court denied the petition on December 5, 2014.

On December 19, 2014, the habeas court granted the petition for certification to appeal from the denial of the petition for a writ of habeas corpus. In this appeal, the petitioner contends that the habeas court erred in concluding that trial counsel did not perform deficiently in that Lorenzen made a sound strategic decision not to seek a mistrial when the jurors had expressed concerns for their safety in rendering a verdict against the petitioner. He argues, in essence, that the state's evidence against the petitioner was so strong that the habeas court should not have credited Lorenzen's testimony that he believed an acquittal was possible with this jury and that he chose not to seek a mistrial in order to preserve the chance of receiving an acquittal from this jury.[5] We disagree.

"It is well settled that in reviewing the denial of a habeas petition alleging the ineffective assistance of counsel, [t]his court cannot disturb the underlying facts

found by the habeas court unless they are clearly erroneous, but our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary." (Internal quotation marks omitted.) *Gerald W.* v. *Commissioner of Correction*, 169 Conn. App. 456, 465, A.3d (2016).

It is well settled that "[i]n order to establish an ineffective assistance of counsel claim a petitioner must meet the two-pronged test enunciated in *Strickland* v. *Washington*, [supra, 466 U.S. 687]. Specifically, the claim must be supported by evidence establishing that (1) counsel's representation fell below an objective standard of reasonableness, *and* (2) counsel's deficient performance prejudiced the defense because there was a reasonable probability that the outcome of the proceedings would have been different had it not been for the deficient performance. . . . Because both prongs of *Strickland* must be demonstrated for the petitioner to prevail, failure to prove either prong is fatal to an ineffective assistance claim." (Emphasis in original; internal quotation marks omitted.) *Robinson* v. *Commissioner of Correction*, 167 Conn. App. 809, 817, 144 A.3d 493, cert. denied, 323 Conn. 925, 149 A.3d 982 (2016).

"A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Internal quotation marks omitted.) *Newland* v. *Commissioner of Correction*, 322 Conn. 664, 706, 142 A.3d 1095 (2016). "It is not enough to merely point to evidence in the record that contradicts the court's findings." *Marquez* v. *Commissioner of Correction*, 170 Conn. App. 231, 238, A.3d (2017).

The petitioner argues that it was improper for the habeas court to conclude that failing to move for a mistrial was a sound strategic decision and not deficient performance. The petitioner asserts that the state's case was so strong that it was doubtful the jury could acquit the petitioner. Because this verdict was so unlikely, the petitioner asserts it could not have been a sound tactical decision to choose not to make a meritorious motion for a mistrial out of a desire to protect this remote possibility. We find this argument unpersuasive, particularly in light of the fact that the petitioner actually was acquitted of the murder charge.

The petitioner fails to address the habeas court's express crediting of Lorenzen's testimony. The petitioner's argument would require this court to reverse that credibility determination, which we should not and will not do. See *State* v. *Francione*, 136 Conn. App. 302, 312, 46 A.3d 219 ("[a]n appellate court does not retry the case or evaluate the credibility of the witnesses" [internal quotation marks omitted]), cert. denied, 306

Conn. 903, 52 A.3d 730 (2012). Our review of the habeas record supports the court's conclusion that the choice not to move for a mistrial was a sound tactical decision. It was a deliberate decision made by Lorenzen after discussing various strategic options with his cocounsel. They determined that there remained a possibility that the jury would acquit the petitioner and sought to avoid losing that possibility. Instead, as planned, they preserved the issue in a motion for a new trial after the jury returned a guilty verdict on three of the four charges. We agree with the habeas court that this process reveals that "[t]his decision was strategic in nature," and that it was the result of the exercise of reasonable professional judgment, which we decline to second-guess.[6] See *Smith* v. *Commissioner of Correction*, 148 Conn. App. 517, 531, 85 A.3d 1199 (reviewing courts do not, with benefit of hindsight, second-guess tactical and strategic decisions of counsel arrived at with benefit of experience, deliberation, and professional judgment), cert. denied, 312 Conn. 901, 91 A.3d 908 (2014).

For the foregoing reasons, we conclude that the habeas court properly denied the petition for a writ of habeas corpus because the petitioner failed to establish that Lorenzen performed deficiently.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] "[A] claim must be raised and briefed adequately in a party's principal brief, and the failure to do so constitutes the abandonment of the claim." *State* v. *Elson*, 311 Conn. 726, 766, 91 A.3d 862 (2014). In addressing his first claim, that counsel failed to adequately advise him regarding sentencing, the petitioner fails to attack, as he must, the factual findings of the habeas court on which its decision rested. Rather, he states in conclusory fashion that those findings are "incorrect." He proceeds to argue the issue by citing only to evidence the court found incredible without addressing this credibility determination, which is beyond our review. See *State* v. *Francione*, 136 Conn. App. 302, 312, 46 A.3d 219 ("[a]n appellate court does not retry the case or evaluate the credibility of the witnesses" [internal quotation marks omitted]), cert. denied, 306 Conn. 903, 52 A.2d 730 (2012). Moreover, it is not enough merely to point to evidence in the record that contradicts the court's findings when other evidence in the record supports the court's findings. The petitioner must show that a review of the entire record will leave this court with the definite and firm conviction that a mistake has been committed. See *State* v. *Krijger*, 313 Conn. 434, 446, 97 A.3d 946 (2014). Turning to his third claim, that the failure to present the testimony of the petitioner's family at sentencing was deficient performance, we similarly decline to review the claim for failure to brief the claim adequately. The petitioner claims that the testimony of his family members would have been beneficial to the petitioner because those relatives could have provided more accurate information about the petitioner, including details of his alleged learning disabilities. Nevertheless, he fails to attack the dispositive finding of the habeas court that the petitioner failed to present any credible evidence in support of his claim. Without attacking this finding, the petitioner cannot prevail on this claim.

[2] This court's opinion in the petitioner's direct appeal provides a full exposition of the facts that the jury reasonably could have found at the criminal trial. See *State* v. *Rosa*, 104 Conn. App. 374, 375, 933 A.2d 731 (2007), cert. denied, 286 Conn. 906, 944 A.2d 980 (2008). Much of this information is not relevant to the narrow issue before the court here.

[3] The petitioner's sentence consisted of fifty-two years of incarceration on the felony murder conviction to be followed consecutively by two concurrent sentences of two years each for the criminal use of a firearm and criminal possession of a firearm convictions.

[4] The petition contained numerous other claims that were either withdrawn prior to the habeas trial, are not raised in this appeal, or were raised but which we have declined to review due to inadequate briefing. See footnote 1 of this opinion.

[5] Within the petitioner's briefing of his mistrial claim, he appears to include a claim that Lorenzen was prejudicially deficient in failing to voir dire the jury to determine the extent of any bias after the jury sent its note to the trial court. This is a distinct claim from the petitioner's mistrial claim and was neither raised in the operative habeas petition nor ruled on by the habeas court. "A reviewing court will not consider claims not raised in the habeas petition or decided by the habeas court." *Henderson* v. *Commissioner of Correction*, 129 Conn. App. 188, 198, 19 A.3d 795, cert. denied, 303 Conn. 901, 31 A.3d 1177 (2011). Accordingly, to the extent petitioner intended to raise this claim here, we decline to review it.

[6] We need not reach the question of whether the petitioner suffered prejudice because the failure to prove either prong of the *Strickland* standard is determinative of the petitioner's ineffective assistance of counsel claim. See *Jones* v. *Commissioner of Correction*, 152 Conn. App. 110, 115, 96 A.3d 1271, cert. denied, 314 Conn. 931, 102 A.3d 83 (2014).